IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK CISNEROS, #10132-040, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00321-JPG |
| | ) |
| T. G. WERLICH, | ) |
| LT. SMITH, | ) |
| TECHNICIAN HODGES, | ) |
| TECHNICIAN SERIO, | ) |
| JOHN DOE 1, | ) |
| JOHN DOE 2, | ) |
| and LT. QUESERA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Frank Cisneros, an inmate in the custody of the Federal Bureau of Prisons ("BOP") who is currently incarcerated in the Federal Correctional Institution located in Yazoo City, Mississippi, brings this action pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). (Doc. 1, pp. 1-36). In the Complaint, Plaintiff claims his erroneous security classification resulted in his prolonged detention in protective custody in the Special Housing Unit ("SHU") at the Federal Correctional Institution located in Greenville, Illinois. (*Id*. at 5, 7-36). During this time, he was denied placement at a low security facility located near his family. (*Id*.). He seeks money damages and sentence credit of five days for each day he spent in the SHU. (*Id*. at 6).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the statement of his claim (Doc. 1, p. 5): From December 28, 2015 until April 13, 2018, Plaintiff was placed in the SHU at FCI-Greenville. (*Id*.). For reasons that are not clear to the Court, he remained in protective custody for twenty-seven months. (*Id*.). During this time, he was subject to unconstitutional conditions of confinement and denied access to the law library and family. (*Id*.). Plaintiff suggests that staff at FCI-Greenville and the National Gang Intelligence Center misclassified him and disqualified him from placement at a low security facility. (*Id*.). Plaintiff filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 to address the issue, but the Section 2255 motion was denied. (*Id*.). He subsequently filed this action against FCI-Greenville officials, relying primarily on miscellaneous excerpts from his Section 2255 motion and administrative grievances in support of his Eighth and/or Fifth Amendment claims for money damages and sentence credit. (*Id*. at 7-36). He leaves it to the Court to review these excerpts and piece together claims on his behalf.

## Discussion

The Complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure and the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a) requires a complaint to set forth "a short and plain statement of Plaintiff's claim(s) showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The allegations should be simple, concise, and direct. FED. R. CIV. P. 8(d)(1). The factual allegations must "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507

F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555.  In a *Bivens* action, this requires a plaintiff to briefly explain what each individual federal official did, or failed to do, to violate his constitutional rights.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676 (emphasis added).

Plaintiff's Complaint is far from simple, clear, or concise.  In his one-page statement of claim, he does not clearly explain the basis for this suit against each defendant.  In fact, he does not mention the names of any defendants.  He also fails to clearly describe the act(s) or omission(s) giving rise to his claims against them.

Instead, Plaintiff provides thirty additional pages of excerpts from his Section 2255 motion and various grievances, with little explanation as to why he included these documents.  He tasks this Court with the job of figuring out what claims he intended to bring and which defendants are subject to each claim.  The Court will not engage in a guessing game during Section 1915A review of this matter.  If Plaintiff wishes to pursue his *Bivens* claims against individual federal agents, he must describe his claims in basic terms and briefly set forth the underlying facts that support each claim against the defendant(s).

Because he has not done so here, the Complaint shall be dismissed.  However, Plaintiff will have an opportunity to file a First Amended Complaint if he wishes to pursue any of his claim in this action.  If he chooses to do so, Plaintiff must comply with the instructions and deadline set forth in the below disposition.

Plaintiff should also keep in mind that money damages are an available remedy under *Bivens*, but sentence credits are not.  To the extent Plaintiff challenges his federal conviction or

3

sentence, he should do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. This Order does not preclude him from pursuing habeas relief.

## Motion for Recruitment of Counsel

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.[1] Plaintiff discloses insufficient efforts to contact attorneys about representation before seeking the Court's assistance. He reached out to a single attorney, who denied his request for representation. He discloses no other efforts to find counsel. In addition, Plaintiff discloses some college education and no impediments to self-representation. The Court finds that Plaintiff has failed to meet the *Pruitt* requirements, and the motion is denied. However, Plaintiff may renew his request by filing a new motion, if he is unable to locate counsel and can demonstrate his need for an attorney as the case proceeds.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 23, 2020,** if he wishes to pursue any claims in this case. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "First

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

Amended Complaint" and use the case number for this action (No. 20-cv-00321-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.  To ensure his ability to comply with this Order, the Clerk of Court is **DIRECTED** to provide Plaintiff with a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED:  6/25/2020**

> /s *J. Phil Gilbert*
> **J. PHIL GILBERT**
> **United States District Judge**