### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANK CISNEROS, #10132-040,        )
                                  )
           Plaintiff,        )
                                  )
    vs.                     )      Case No. 20-cv-321-NJR
                                  )
T.G. WERLICH,            )
LT. SMITH,               )
TECHNICIAN HODGES,      )
TECHNICIAN SERIO,       )
CPT. PATTERSON,        )
and CASE MANAGER BOWERS,  )
                                  )
          Defendants.      )

## MEMORANDUM and ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management. Plaintiff Frank Cisneros is a federal inmate, now incarcerated in the Marianna Federal Correctional Institution in Florida. On March 8, 2021, the Court dismissed Cisneros's First Amended Complaint (Doc. 15) without prejudice and directed him to file a Second Amended Complaint if he wished to further pursue the Eighth Amendment claim in Count 3. (Doc. 24). Cisneros was ordered to file the amended complaint, if any, no later than April 12, 2021. He was warned that if he failed to file a Second Amended Complaint by that deadline, this case would be dismissed, and the dismissal could be counted as one of his three "strikes" within the meaning of 28 U.S.C. § 1915(g). (Doc. 24, p. 13).

The April 12 filing deadline has now passed, and Cisneros has not filed an amended complaint or submitted any other communication to the Court. Accordingly,

this case will be dismissed.

**IT IS HEREBY ORDERED** that this civil rights action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); ); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Because each claim in the First Amended Complaint was dismissed for failure to state a constitutional claim upon which relief may be granted, the Court counts this dismissal as one of Cisneros's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Cisneros's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the balance of his filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Cisneros wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Cisneros plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Cisneros does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Cisneros may also incur another "strike." A proper and timely motion filed pursuant to Federal

Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4).

A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of

the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:   April 22, 2021**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**