IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK CISNEROS, # 10132-040, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-321-NJR |
| | ) |
| T.G. WERLICH, | ) |
| LT. SMITH, | ) |
| TECHNICIAN HODGES, | ) |
| TECHNICIAN SERIO, | ) |
| CPT. PATTERSON, | ) |
| and CASE MANAGER BOWERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Frank Cisneros's "Motion for Reconsideration Rule 59(e) and Request for the Appointment of Counsel," filed May 20, 2021 (Doc. 27). Cisneros is a federal inmate currently confined at the Marianna Federal Correctional Institution in Florida ("Marianna"). This action involved alleged civil rights violations that occurred while Cisneros was imprisoned in this District at FCI-Greenville.

On March 8, 2021, the Court dismissed Cisneros's First Amended Complaint (Doc. 15) without prejudice and directed him to file a Second Amended Complaint no later than April 12, 2021, if he wished to further pursue the Eighth Amendment claim in Count 3. (Doc. 24). The Court found that Cisneros's Fourteenth Amendment due process claims in Counts 1, 2, and 4 relating to his requests for a prison transfer, reclassification,

1

or placement in the GDOP[1] program, and his ultimate transfer to Marianna lacked substantive merit and dismissed them without granting leave to amend. (Doc. 24, pp. 5-9). The Court warned Cisneros that if he failed to file a Second Amended Complaint by April 12, 2021, this case would be dismissed, and the dismissal could be counted as one of his three "strikes" within the meaning of 28 U.S.C. § 1915(g). (Doc. 24, p. 13).

Cisneros did not file an amended complaint, nor did he seek an extension of time to do so or submit any other communication to the Court. Accordingly, after allowing another 10 days beyond the April 12 deadline, the Court dismissed this action for failure to prosecute on April 22, 2021. (Docs. 25, 26).

The Motion for Reconsideration was filed within 28 days of the entry of judgment and is therefore timely insofar as it seeks to challenge the dismissal order at Doc. 25. *See* FED. R. CIV. P. 59(e).[2] However, the motion does not argue that the dismissal for failure to prosecute was improper. Instead, Cisneros challenges the Court's March 8, 2021 Order that concluded his First Amended Complaint failed to state any cognizable claims. (Doc. 27, pp. 2-9). He argues that the Court was mistaken in its understanding of the facts set forth in the complaint and erred in its analysis of the law regarding his due process claims, thus his claims should be reinstated and counsel appointed.

---

[1] Gang Drop Out Process.
[2] A Rule 59(e) motion must be filed within 28 days of the order or judgment being challenged, and the Court is prohibited from granting an extension of time to file a Rule 59(e) motion. FED. R. CIV. P. 6(b)(2). As such, the instant motion is effective only to challenge the April 22, 2021 dismissal for failure to prosecute, not the March 8, 2021 Order (Doc. 24) that dismissed the complaint on the merits. The Court recognizes that Cisneros could not have met the 28-day deadline to challenge the March 8, 2021 Order when he did not receive it until April 13, 2021, after the 28 days had expired (Doc. 27, p. 1), but the Rule 59(e) deadline is firm.

A motion under Rule 59(e) may only be granted if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Cisneros's motion fails to demonstrate any legal or factual error that would warrant alteration or amendment of the April 22 Order dismissing this case for failure to prosecute. He explains that he did not receive the Court's March 8 Order, which dismissed the First Amended Complaint and allowed him to amend, until April 13, 2021. (Doc. 27, p. 1). At that time, he was mentally exhausted from working on a motion to vacate his sentence, which he had just submitted to the U.S. Court of Appeals for the Sixth Circuit on April 12, 2021, so he did nothing further on the instant case for "a couple of weeks." *Id.* Then, instead of preparing an amended complaint as this Court directed, Cisneros researched and drafted the instant motion.

Cisneros could have avoided the dismissal for failure to prosecute by promptly filing a motion informing the Court of the delay in delivery as soon as he received the

March 8, 2021 Order on April 13.[3] Instead, he waited until May 11, 2021 (Doc. 27, p. 9) to notify the Court of the problem and his desire to pursue this case. The fact of his delayed receipt of the March 8 Order could have been presented to the Court prior to the entry of judgment, thus Cisneros's Rule 59(e) motion, even though timely as to the April 22 Order, is not a proper vehicle to present this information or to undo his failure to take prompt action. *See Moro*, 91 F.3d at 876. Based on the facts before the Court on April 22, 2021, and the applicable law, dismissal of the case for failure to prosecute was correct, and Rule 59(e) offers no basis for the Court to grant relief from dismissal.

Even if the Court were able to apply Rule 59(e) to reconsider the March 8 merits review order, the Court remains persuaded that the dismissal without prejudice of the First Amended Complaint was correct. Despite Cisneros's arguments to the contrary, his confinement in administrative segregation did not amount to an atypical and significant hardship for limiting his access to privileges such as contact visits, phone calls, and religious services available to inmates in general population. A lengthy or indefinite stay in the SHU does not itself constitute a risk of harm, and the alleged failure on the part of Defendants to "meaningfully review" his placement was not a due process violation. (*See* Doc. 27, pp. 3-6). Cisneros demonstrates no error of fact or law in the dismissal of Counts 1, 2, or 4.

As to the Eighth Amendment claim in Count 3 for deprivation of adequate

---

[3] The lengthy delay between the March 8 issuance of the merits review order (Doc. 24) and its delivery to Cisneros on April 13 would have provided good cause for the Court to grant an extension of time for Cisneros to prepare an amended complaint as directed, had he made such a request.

4

exercise/recreation, while Cisneros argues that the Court overlooked or misunderstood the facts on whether he informed Defendants of his suffering due to lack of physical activity while in the SHU, neither the motion nor the First Amended Complaint presents facts to demonstrate Defendants were deliberately indifferent to this risk of harm. (Doc. 27, pp. 2-3, 6-7). Cisneros claims he informed Lt. Cawley (whom he did not name as a Defendant) that he had back problems which would be aggravated if he was changed to a morning work shift.[4] (Doc. 27, pp. 6-7). He asserts all the Greenville Defendants were, or should have been, aware of his chronic back problems and arthritis of his back and knees and should have considered those facts in connection with the duration of his time in the SHU. *Id.* Notably, Cisneros did not include these allegations in the First Amended Complaint. As the Court instructed, if facts exist to support an Eighth Amendment claim for deprivation of exercise, Cisneros should have presented these facts by submitting a Second Amended Complaint. (Doc. 24, pp. 10-12). He did not do so, and the Motion to Reconsider cannot be used as a vehicle to amend a complaint. The Court did not err in failing to consider or understand facts that Cisneros did not include in his complaint.

Furthermore, a deliberate indifference claim requires more to demonstrate the subjective knowledge element. Cisneros has not claimed that he informed any Defendant that he needed more access to physical activity in order to maintain his health during his administrative segregation confinement, or that the lack of activity was causing his

---

[4] Cisneros stated this shift change resulted in a back injury in February 2018 (Doc. 15, p. 15), indicating that he had this prison work assignment during his confinement in the SHU. His original Complaint stated that his SHU placement in Greenville ended on April 13, 2018 (Doc. 1, p. 5).

ailments to become worse—and that any Defendant subsequently failed to take action despite being informed of the harm Cisneros was suffering. The dismissal of Count 3 was legally correct.

Finally, a "motion for reconsideration" may also be treated as a motion for relief from judgment/order under Rule 60(b), which permits relief on such grounds as mistake, surprise or excusable neglect of the movant; fraud or misconduct of the opposing party; a judgment that is void or discharged; or newly discovered evidence. FED. R. CIV. P. 60(b); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Additionally, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964).

None of the enumerated grounds in Rule 60(b)(1)-(5) applies to this case, and the Court finds that the "catchall" provision of Rule 60(b)(6) for "any other reason that justifies relief" is not applicable here. Despite the broad language, a reprieve from a final judgment under this section "is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). To be sure, the delay in delivery of the Court's March 8, 2021 Order (Doc. 24) was a matter beyond Cisneros's control. As outlined above, however, Cisneros failed to take prompt action that could have prevented the dismissal of the case and also failed to follow the Court's clear

6

instruction to submit another amended complaint if he wished to pursue his Eighth Amendment claim. In light of this record, relief under Rule 60(b)(6) is not justified.

**IT IS THEREFORE ORDERED** that the "Motion for Reconsideration Rule 59(e) and Request for the Appointment of Counsel" (Doc. 27) is **DENIED**. The Motion to Add Exhibit for Reconsideration (Doc. 28) is **DENIED AS MOOT**.

Under Rule 59(e), Cisneros's filing of the motion (Doc. 27) suspended the deadline for him to appeal the dismissal of this case. Therefore, if he wishes to appeal, his notice of appeal must now be filed with this Court within 60 days of the date of *this* Order. FED. R. APP. P. 4(a)(1)(B) and 4(a)(4)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Cisneros plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Cisneros does choose to appeal and is allowed to proceed IFP, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Cisneros may also incur another "strike."

IT IS SO ORDERED.

DATED: May 28, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**